IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 31, 2021

**GARRICK GRAHAM v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Sullivan County
No. C67396   James F. Goodwin, Jr., Judge**

——————————————————

**No. E2020-00775-CCA-R3-PC**

——————————————————

Garrick Graham, Petitioner, appeals the post-conviction court's denial of post-conviction relief.  After a thorough review of the record and applicable law, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J. and TIMOTHY L. EASTER J., joined.

Nicholas A. Schaefer (on appeal) and David Barnette (at hearing), Kingsport, Tennessee, for the appellant, Garrick Dionte Graham.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Barry P. Staubus, District Attorney General; and Lewis Combs, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Procedural History**

Following eight controlled drug buys by a confidential informant (the "CI") over period of approximately nine weeks during 2011, Petitioner and his codefendant were charged by presentment with numerous drug offenses.  Petitioner was convicted of sixteen offenses by a jury, and following a sentencing hearing, the trial court imposed an effective sentence of thirty-seven years' incarceration.  The convictions and sentences were affirmed on direct appeal.  The direct appeal opinion summarized the convictions and sentences as follows:

Specifically, Defendant Graham was convicted of three counts of delivery of .5 grams or more of cocaine (counts 1, 3, 5), three counts of sale of .5 grams or more of cocaine (counts 2, 4, 6), delivery of .5 grams or more of cocaine within 1,000 feet of a recreation center (count 7), sale of .5 grams or more of cocaine within 1,000 feet of a recreation center (count 8), facilitation of delivery of .5 grams or more of cocaine within 1,000 of a school (count 9), facilitation of .5 grams or more of cocaine within 1,000 feet of a school (count 10), facilitation of delivery of .5 grams or more of cocaine within 1,000 feet of a daycare (count 11), facilitation of sale of .5 grams or more of cocaine within 1,000 feet of a daycare (count 12), delivery of .5 grams or more of cocaine (count 13), facilitation of sale of .5 grams or more of cocaine (count 14), conspiracy to sell more than 26 grams of cocaine within 1,000 feet of a school (count 21) and conspiracy to deliver more than 26 grams of cocaine within 1,000 feet of a school (count 22). The trial court merged counts 1 and 2, counts 3 and 4, counts 5 and 6, counts 7 and 8, counts 9 and 10, counts 11 and 12, counts 13 and 14, and counts 21 and 22. Defendant Graham received twelve-year sentences for the resulting convictions in counts 1, 3, 7, 9, and 13. He received a six-year sentence for count 11, and a 25-year sentence for count 21. The trial court imposed concurrent sentences for counts 1, 3, 5, 11, 13, and 21 to be served consecutively to concurrent sentences in counts 7 and 9 for an effective 37-year sentence.

*State v. Garrick Graham*, No. E2014-01267-CCA-R3-CD, 2016 WL 892013, at *1 (Tenn. Crim. App. Mar. 8, 2016).

### Post-Conviction Petitions

Petitioner filed a pro se Petition for Post-Conviction Relief on November 28, 2016, and counsel was appointed. It is clear from the record that the relationship between Petitioner and post-conviction counsel soon became acrimonious. Petitioner sent several letters to counsel and the post-conviction court demanding that counsel raise specific claims in the amended petition. Petitioner filed two complaints with the Board of Professional Responsibility. Counsel twice moved to withdraw. Both motions were denied. Counsel continued to represent Petitioner zealously through the post-conviction hearing and until post-conviction court allowed counsel to withdraw. New counsel was appointed to handle the post-conviction appeal.

Although in the post-conviction court, the Petitioner raised numerous claims, he limits the issues raised on appeal to two claims of ineffective assistance of counsel. He claims trial counsel was ineffective for failing to object to the amendment of the

- 2 -

presentment and for failing to impeach the CI. We therefore limit our discussion of the proceedings in the post-conviction court to matters relevant to the issues raised on appeal.

## Post-Conviction Hearing

### CI's testimony

The Petitioner's post-conviction relief hearing was held on September 12, 2018. [1] Trial counsel was called by Petitioner. Counsel testified that he did not notice anything peculiar about the way the CI was behaving or speaking when he testified. He agreed that he included in the motion for new trial a claim that the CI might have been under the influence when he testified. He said that he did so at the request of Petitioner. Counsel said that he could not recall asking the CI if he was under the influence. He said that he cross-examined the CI about his use of illegal drugs. He said that the CI's memory had to be refreshed on a few occasions and that he cross-examined the CI about his memory problems.

On cross-examination by the State, trial counsel said that the CI testified over a period of two days and that he provided many details about the eight controlled buys. He said that during the second day of testimony, Petitioner nudged him and said that he thought the CI was inebriated or stoned or something. Counsel questioned Petitioner about how he knew the CI was under the influence and Petitioner answered "I can just tell." Counsel said that he "did not personally perceive [or] observe anything that would have led [him] to believe that [the CI] was under the influence." Counsel discussed the issue with his co-counsel and out of caution counsel asked to approach the bench about the issue. At the bench conference, the trial court stated that "the witness is what he is" and the jury can determine if he is credible. The court said that the witness was competent and that it would not have the CI drug tested but would allow counsel to cross-examine the CI on that issue. Counsel said that on appeal, this court determined that the trial court did not err in refusing to drug test the CI or do anything other than to allow further cross-examination. He said co-counsel then questioned the CI about using illegal drugs. The CI testified: "I've never used drugs and I'll be glad to take a hair sample, or a drug test right here now."

---

[1] At the outset of the hearing, the post-conviction court announced that it would consider Petitioner's claim concerning the convictions for facilitation in a drug-free zone resulted in illegal sentences as a motion filed under Rule 36.1 of the Rules of Criminal Procedure in light of *State v. Gibson*, 506 S.W.3d 450 (Tenn. 2016) (the increased felony classification under Drug-Free School Zone Act does not apply to a conviction for facilitation.) The court granted Rule 36.1 relief on the facilitation convictions that were enhanced by the drug-free statute and stated that it would conduct a separate hearing on those counts. The record on appeal does not include sufficient information to determine what occurred at the hearing on the Rule 36.1 motion and that issue is not raised on appeal.

Amendment of Presentment

Trial counsel said that the State moved on the first day of jury selection to amend the presentments in the two conspiracy counts to reduce the weight of the cocaine from 300 grams or more to 26 grams or more. Counsel explained to Petitioner that the amendment would result in Petitioner being charged with and tried for a less serious offense and that Petitioner did not object to the amendment. The trial court granted the State's motion on the second day of jury selection and before the jury was sworn.

Petitioner testified that he did not agree to an amendment of the presentment, offering the following explanation:

Yeah, I told him because the 26 grams, that's how, you know, it's the same thing as the, as a buy that was on, I think it was the 26th, count on 9/26, so they were going to try to use that conspiracy and I knew that --- I told him that ---- I just hoped that the judge believes me, but I'm telling you that I wouldn't agree to that. I would have set my own self up and 26 grams, 300 is not no lesser included defense and, man, I would not agree to, you know, setting my own self up. This would have been four, what the fourth indictment that was changed. They had sent these back to the grand jury, why didn't they send the other ones?

Petitioner said that trial counsel never discussed with him "why the drug[-]free zone and the sale of cocaine [were] included together[.]"

Concerning the CI's testimony, Petitioner stated: "Because throughout the whole testimony, he had to be refreshed the whole time, had to be shown documents. He ain't that old, he ain't that much older than me so how can you forget that and he was slurring. He was high, [h]e was high. I know he was." Petitioner claimed he was prejudiced because allowing the CI to testify "violates my right to due process."

**Order Denying Post-Conviction Relief**

On May 6, 2020, the post-conviction court filed a thorough and comprehensive order denying post-conviction relief and dismissing the petition. The order set out the court's findings of fact and conclusions of law on the issues raised in the petitions and argued at the hearing. We will limit our opinion to the post-conviction court's findings that impact the two issues raised on appeal.

Credibility Findings

The post-conviction court found that Petitioner was hostile to his attorney and the court during his testimony, that Petitioner "blurted out" and disrupted the testimony of trial counsel, that Petitioner "did not answer the questions of his counsel directly," and that Petitioner "remembered some things, but not others." The post-conviction court did not "accredit the testimony of Petitioner for those reasons."

The post-conviction court found that trial counsel "appeared thoughtful when answering both direct and cross-examination questions, and he appeared to answer questions openly and honestly" and that counsel's demeanor never changed. The court found that counsel remembered the events leading up to the trial, at trial, and post-trial. The court found that trial counsel "recalled numerous discussions with Petitioner at every stage of the defense" regarding strategy. The post-conviction court accredited the testimony of trial counsel.

Amendment of the Presentment Findings

The post-conviction court found that the State discussed amendment to the conspiracy counts of the presentment with trial counsel on the first day of trial, that Petitioner did not object to the amendment, that trial counsel's performance was not deficient, and that there was no proof of prejudice. The court found the issue was without merit and dismissed that claim.

Impeachment of CI Findings

The post-conviction court found that trial counsel impeached the CI during cross-examination by being "able to demonstrate to the jury that [the CI] was inconsistent regarding his testimony regarding his drinking of alcohol." The court found that trial counsel utilized a reasonable trial strategy to avoid "asking questions that would tend to bolster [the CI's] credibility" and that counsel "was able to point out to the jury inconsistencies and gaps in the CI's memory of events." The court found no deficient performance on the part of trial counsel or prejudice to Petitioner and dismissed this claim.

**Analysis**

In order to prevail on a petition for post-conviction relief, a petitioner must prove all factual allegations by clear and convincing evidence. *Jaco v. State*, 120 S.W.3d 828, 830 (Tenn. 2003). Post-conviction relief cases often present mixed questions of law and fact. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). Appellate courts are bound by the post-conviction court's factual findings unless the evidence preponderates against such

findings. *Kendrick v. State*, 454 S.W.3d 450, 457 (Tenn. 2015). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the [post-conviction court]." *Fields*, 40 S.W.3d at 456 (citing *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997); *see also Kendrick*, 454 S.W.3d at 457. The post-conviction court's conclusions of law and application of the law to factual findings are reviewed de novo with no presumption of correctness. *Kendrick*, 454 S.W.3d at 457.

The right to effective assistance of counsel is safeguarded by the Constitutions of both the United States and the State of Tennessee. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. In order to receive post-conviction relief for ineffective assistance of counsel, a petitioner must prove: (1) that counsel's performance was deficient; and (2) that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997).

As to the first prong of the *Strickland* analysis, "counsel's performance is effective if the advice given or the services rendered are within the range of competence demanded of attorneys in criminal cases." *Henley*, 960 S.W.2d at 579 (citing *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975)); *see also Goad*, 938 S.W.2d at 369. In order to prove that counsel was deficient, the petitioner must demonstrate "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." *Goad*, 938 S.W.2d at 369 (citing *Strickland*, 466 U.S. at 688); *see also Baxter*, 523 S.W.2d at 936.

Even if counsel's performance is deficient, the deficiency must have resulted in prejudice to the defense. *Goad*, 938 S.W.2d at 370. Therefore, under the second prong of the *Strickland* analysis, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quoting *Strickland*, 466 U.S. at 694) (internal quotation marks omitted).

## Conclusion

The post-conviction court found that Petitioner was not credible and we will defer to that court's findings. Petitioner has failed to present any credible evidence proving that the trial counsel was deficient in its cross-examination of the CI or in not objecting to the amendment of the presentments.

We affirm the judgment of the post-conviction court.

_____
ROBERT L. HOLLOWAY, JR., JUDGE